**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**TRAVIS NORMAN,**

**Defendant.**                                                                 **No. 05-CR-30015-DRH-4**

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, District Judge:**

### I. <u>Introduction</u>

Before the Court are several motions submitted by Defendant Travis Norman. (Docs. 83, 84, 85, 88, 89, 90 and 92.) Defendant moves (a) to suppress the contents of government electronic surveillance (Doc. 83); (b) for "government agents to retain rough notes" (Doc. 84); (c) to compel a response to previously filed motions, or, in the alternative, to "prohibit the government from using any evidence at trial which might have been disclosed" (Doc. 85); (d) for a bill of particulars (Doc. 88); (e) for discovery pursuant to **Federal Rule of Criminal Procedure 12(b)(4)(B)** (Doc. 89); (f) to exclude evidence "not provided by [the] government," or, in the alternative, "for the government to affirmatively state that it has followed the precepts of *Brady v. Maryland*, *Strickler v. Greene* and *Kyles v. Whitley*" (Doc. 90); and (g) "to compel the government to follow the law regarding production of wiretap information" (Doc. 92). The government responds in opposition to Motions

(b),(d), (e),(f), and (g), above.  (Doc. 93.)

## II. Analysis

### A. Suppression (Doc. 83)

Defendant filed his Motion to Suppress on March 29, 2005, less than three weeks prior to the date on which trial was originally scheduled, before it was continued twice.  (Doc. 83.)  At the time Defendant filed his Motion, he did not possess any of the alleged unlawfully obtained documents; indeed, as he notes, his Motion was filed out of "an abundance of caution."  (Doc. 83, p. 1.)  As a result, Defendant provides no case-specific reason why the Court should suppress "any and all electronic surveillance."  (Doc. 83.)  Before a hearing on a motion to suppress is warranted, a defendant must present "definite, specific, detailed and nonconjectural" facts supporting his motion to suppress.  ***United States v. Hamm*, 786 F.2d 804, 807 (7th Cir. 1986)**.  Defendant has presented no such facts.  Accordingly, a hearing on Defendant's motion is unnecessary.  The Court **DENIES** Defendant's Motion to Suppress Electronic Surveillance.  (Doc. 83.)

### B. Preservation of Rough Notes (Doc. 84)

Defendant asks the Court to require the government to instruct its agents to preserve all rough notes related to this case.  (Doc. 84.)  Defendant bases this request on both the **Jencks Act, 18 U.S.C. § 3500** (the "Act"), and ***Brady v. Maryland*, 373 U.S. 83 (1963)**.  The Jencks Act compels the government's production of statements that a government witness has signed or otherwise

adopted or approved, and which relate to the subject matter of the witness's testimony. **18 U.S.C. § 3500(a)-(b)**. The Act defines a statement as "(1) a written statement made by said witness and signed or otherwise adopted by him; (2) a . . . substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury." **18 U.S.C. § 3500(e)**. *Brady* requires a prosecutor to disclose materials to the Defendant that will aid her. ***Brady*, 373 U.S. at 87**.

The Court finds Defendant's request overbroad. The Jencks Act only requires disclosure, *after* a witness testifies, of statements signed, adopted, or approved by the witness relating to the subject matter of the witness's testimony. *See* **18 U.S.C. § 3500(a)-(b)**. Notes later incorporated into a report need not be preserved after they have served their purpose in the preparation of interview reports. ***United States v. Harris*, 542 F.2d 1283, 1293 (7th Cir. 1976)**. Moreover, "notes and summaries of witness statements that are neither adopted by the witness nor substantial verbatim recitals of what the witness said are deemed unreliable under the [Jencks Act] and need not be produced." ***United States v. Morrison*, 946 F.2d 484, 494-95 (7th Cir. 1991)**. Defendant asks the Court to order the government to retain both types of notes. The Court declines. While government agents may not, in bad faith, destroy documents that later must be disclosed pursuant to the Jenks Act, Defendant's request is simply too broad.

Defendant's Motion for Government Agents to Retain Rough Notes is therefore **DENIED**. (Doc. 84.)

### C.     Compel a Response (Doc. 85)

Because the Court has already ruled on the motions to which Defendant seeks a response, the Court **DENIES** Defendant's Motion to Compel a Response, as moot. (Doc. 85.)

### D.     Bill of Particulars (Doc. 88)

The Court finds Defendant's Motion for a Bill of Particulars (Doc. 88) inappropriate. A bill of particulars is necessary when the charges in an indictment are so general that they fail to apprise the defendant of the specific act of which he is accused. ***United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985).** Here, the indictment contains a clear and unambiguous description of the charges. (Doc. 12.) The indictment further indicates the time frame in which the conspiracy allegedly operated and the names of the individuals with whom Defendant allegedly conspired. The Court, therefore, **DENIES** Defendant's Motion for Bill of Particulars. (Doc. 88.)

### E.     Discovery (Doc. 89)

Defendant moves this Court to "require that pursuant to Federal Rule of Criminal Procedure 12(b)(4)(B) the government give notice of its intent to use [in] its case in chief any evidence that Defendant may be entitled to discover under Rule 16." (Doc. 89, p. 2.) Defendant further states that "[t]he Government should

affirmatively be required under Federal Rule of Criminal Procedure 12(b)(4)(B) to state those portions of wiretaps, including but not limited to the affidavits, applications, 10 day reports or suppressed line reports that might be suppressible." (Doc. 89, ¶ 6.)

**Federal Rule of Criminal Procedure 12(b)(4)(B)** provides that "[a]t the arraignment or as soon as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(c), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16."  This Rule permits a defendant to request notice of evidence that the government intends to use.  It does not provide a basis for Defendant to request that the government identify evidence that "might be suppressible."  For this reason, the Court declines to grant Defendant's request to identify potentially suppressible evidence in paragraph six of his Motion. (Doc. 89.)  The Court, however, affirms that the government is obligated to comply with both Rule 16 and Rule 12(b)(4(B).  Therefore, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion. (Doc. 89.)  Defendant's Motion is **GRANTED** only to the extent Defendant seeks government compliance with **Federal Rules of Criminal Procedure 16 and 12(b)(4)(B)**; the Court **ORDERS** the government to comply with these Rules.  The remainder of Defendant's Motion is **DENIED**. (Doc. 89.)

      F.     **Exclude Evidence (Doc. 90)**

In its "Motion to Exclude Evidence not Provided by Government or in the Alternative for the Government to Affirmatively State that it has Followed the Precepts of *Brady v. Maryland* [373 U.S. 83 (1963)], *Strickler v. Greene* [527 U.S. 263 (1999)] *and Kyles v. Whitely* [514 U.S. 419 (1995)]," Defendant asks the Court to exclude all evidence "in existence and in possession of the Government or its agents prior to the date this Motion is filed . . . if this Honorable Court determines at a later date that this evidence should have been disclosed under *Brady*, *Kyles*, or *Strickler*," or, in the alternative, for a statement from the government that it has complied with the law set forth in these cases.  (Doc. 90.)  As an initial matter, the Court declines to issue an Order premised entirely upon a hypothetical finding.  If the Court later determines that the government violated its duties under the above cases, the Court will then entertain a motion by Defendant.  Further, while the Court agrees that the government must abide by the law set forth in those cases, Defendant presents no evidence here to suggest that the government has failed to do so.  Therefore, the Court **DENIES** Defendant's Motion.  (Doc. 90.)

### G. Compel Compliance with 18 U.S.C. § 2518(9) (Doc. 92)

As Defendant notes, **18 U.S.C. § 2518(9)** states as follows:

> The contents of any wire, oral, or electronic communication intercepted pursuant to this chapter or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or proceeding in a Federal or State court unless each party, not less than ten days before the trial, hearing, or proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved. This ten-day period may be waived by the judge if he finds that it was

not possible to furnish the party with the above information ten days before the trial, hearing, or proceeding, and that the party will not be prejudiced by the delay in receiving such information.

Defendant's Motion was made less than ten days prior to the date on which trial was originally scheduled. Trial has since been continued twice, and is currently set for February 13, 2006, a date many more than ten days away. (Doc. 168.) Accordingly, the Court **DENIES** Defendant's motion requesting that the government comply with **18 U.S.C. § 2518(9)**.

### III. Conclusion

For the reasons stated above, the Court **DENIES** Defendant's Motion to Suppress (Doc. 83); **DENIES** Defendant's Motion for Government Agents to Retain Rough Notes (Doc. 84); **DENIES** Defendant's Motion to Compel a Response (Doc. 85); **DENIES** Defendant's Motion for a Bill of Particulars (Doc. 88); **GRANTS in part** and **DENIES in part** Defendant's Motion for Discovery (Doc. 89); **DENIES** Defendant's Motion to Exclude Evidence (Doc. 90); and **DENIES** Defendant's Motion to Compel Compliance with **18 U.S.C. § 2518(9)** (Doc. 92).

**IT IS SO ORDERED**.

Signed this 24th day of October, 2005

/s/          David RHerndon
**United States District Judge**