IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**TRAVIS NORMAN,**

**Defendant.**  No. 05-CR-30015-DRH

### ORDER

**HERNDON, District Judge:**

On March 14, 2006 Defendant Travis Norman ("Defendant") filed a pro-se motion asking this Court to reconsider its March 3, 2006 ruling granting the government's motion to dismiss without prejudice due to a pending proceeding in the Eastern District of Missouri (Doc. 268). (Doc. 273.) Specifically, Defendant objects to the fact that this matter was dismissed without, as opposed to with, prejudice. (*Id.*)

The Court must deny this motion. Defendant, it should be noted, filed a motion to dismiss this case for improper venue that was pending at the time his case was dismissed. (Doc. 254.) In that motion, Defendant suggested that the proper venue for at least some of the charges against him was the Eastern District of Missouri. (*Id.*) Both the government and the Court agreed, and for this reason the Court dismissed the case against Defendant by granting the government's motion to dismiss. (Doc. 268.) Had the Court opted instead to grant Defendant's motion

instead of the government's, however, the net result would have been the same: dismissal without prejudice.[1]

On top of this, Defendant's motion for reconsideration does not relate to the rationale underlying this Court's March 3rd order.  Instead, Defendant attacks the validity of his indictment, supporting this argument by stating that because this Court dismissed Defendant's action, there is "undeniable proof that [Defendant's] indictment was false," and thus Defendant's case should be dismissed with prejudice.  The Court does not agree, however, that dismissal must be with prejudice here.  As Defendant himself has noted (Doc. 254), there is presently a legitimate question as to whether the Eastern District of Missouri is the appropriate venue for all of the charges brought against Defendant.  Since it remains unclear exactly which charges the government will bring in the Eastern District of Missouri, the Court finds that dismissal without prejudice currently is appropriate here.

Therefore, the Court **DENIES** Defendant's pro-se motion for reconsideration.  (Doc. 273.)

**IT IS SO ORDERED**.

Signed this 15th day of March, 2006.

/s/          David   RHerndon
**United States District Judge**

---

[1] Defendant's motion for dismissal states that there may be a legitimate dispute about venue with regard to at least some of the charges in Defendant's indictment, and further does not suggest that dismissal in this case should be with prejudice.  (Doc. 254.)